UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

| | | |
|---|---|---|
| **PHILLIP SANDERS** | ) | NOV 6 - 2007 |
| | ) | |
| **Plaintiffs,** | ) | NANCY MAYER WHITTINGTON, CLERK |
| | ) | U.S. DISTRICT COURT |
| **v.** | ) | |
| | ) | **Civ. Action No. 06-730 (RJL)** |
| **JO ANNE B. BARNHART** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**
(November 2, 2007)[#7,10]

Phillip Sanders has sued Joanne B. Barnhart, Commissioner of the Social Security

Administration ("Commissioner"), seeking review of the Commissioner's denial of his

application for disability benefits. Currently before the Court is the plaintiff's motion for

reversal of the Commissioner's decision and defendant's motion for affirmance. For the

following reasons, plaintiff's motion is DENIED and defendant's motion GRANTED.

**I. BACKGROUND**

In 1993, plaintiff sustained an injury to his left leg which caused him to develop

deep venous thrombosis. Pl.'s Mot. for Judgment of Reversal ("Pl.'s Mot."), 2. As a

result of his condition, plaintiff alleges that he has difficulty walking and sitting for

prolonged periods, experiences chronic pain in both legs, and uses a cane to stand and

walk. *Id.*

In February 2005, plaintiff applied to the Social Security Administration ("SSA")



for Supplemental Security Income Benefits claiming that he was totally disabled.  *Id.* 1-2.

Plaintiff's claim was denied initially and upon reconsideration.  *Id.* at 2.  In November

2005, plaintiff's claim was reviewed by an Administrative Law Judge ("ALJ") who,

likewise, denied benefits.  *Id.*  Plaintiff's request for review before the SSA's Appeals

Council was also denied.  *Id.*

In April 2006, plaintiff filed suit in this Court seeking to overturn the ALJ's

decision.  Plaintiff subsequently moved for judgment of reversal; the defendant has

moved for affirmance.

## II. STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), district courts are empowered

to review decisions of the Commissioner.  42 U.S.C. § 405(g).  The Commissioner's

ultimate determination will not be disturbed, however, if it is based on substantial

evidence in the record.  42 U.S.C. § 405(g); *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C.

Cir. 2004); *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987).  Substantial evidence

is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perles*, 402 U.S. 389 (1971); *Butler*, 353 F.3d at 999.  It is

"more than a scintilla, but can be satisfied by something less than a preponderance of the

evidence."  *Richardson*, 402 U.S. at 401; *Butler*, 353 F.3d at 999.

# III. ANALYSIS

Pursuant to the Social Security Act (the "Act"), a claimant is eligible for disability benefits only if he suffers from "impairments...of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *Simms v. Sullivan*, 877 F.2d 1047, 1049 (D.C. Cir. 1989). In order to demonstrate such a disability, the petitioner must show that: (1) he is not presently engaged in "substantial gainful activity"; (2) he has a "severe impairment" which limits his "ability to do basic work activities"; and (3) either his impairment "meets or equals" an impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (which, if shown, is conclusive on the issue of disability) or (4) he is incapable of performing his previous work. 20 C.F.R. § 416.920; *Simms*, 877 F.2d at 1049. If a petitioner can demonstrate that he is incapable of performing his previous work, the burden shifts to the Commissioner to show that, based on the petitioner's age, education, work experience, and residual functional capacity ("RFC"), petitioner is capable of performing gainful work. *Simms*, 877 F.2d at 1049; *Brown v. Bowen*, 794 F.3d 703, 706 (D.C. Cir. 1986).

In the case at hand, the ALJ found that plaintiff has not engaged in substantial gainful activity since 1993, but that his condition is not severe enough to meet or equal a

listing in the Appendix.  Administrative Record ("Record"), p. 17.[1]  Moreover, the ALJ

determined that although the plaintiff cannot perform his previous work, he has the ability

to perform sedentary work with a sit/stand option and that jobs of this type exist in

significant numbers in the national economy.  *Id* at 18.  Accordingly, the ALJ concluded

that plaintiff was not "disabled" under the Act.  *Id.* at 20.

Plaintiff seeks a reversal of the ALJ's decision, arguing that the ALJ erroneously

assessed plaintiff's RFC by: (1) failing to conduct a function-by-function analysis of

plaintiff's work abilities; (2) failing to explain each determination in light of the evidence;

and (3) failing to address plaintiff's need for a cane.  Pl.'s Mot. 5-6.  Upon review of the

record, however, the Court finds that the ALJ's decision was based on substantial

evidence.

First, the record indicates that the ALJ conducted an appropriate function-by-

function analysis of plaintiff's work abilities.  In determining that plaintiff could perform

sedentary work[2], the ALJ determined that the plaintiff needs a cane to walk, cannot climb

ropes, ladders or scaffolds and cannot lift more than 10 pounds, but that he can perform

postural movements on an occasional basis if he has a sit/stand option (walking 15 to 20

minutes before alternating to one or two hours of sitting).  Record, p. 18.  Based on this

---

[1]  The ALJ further noted that while plaintiff's alleged symptoms are credible, the alleged
intensity of his symptoms is not credible, given the medical evidence of his pain levels.  Record
at 18.

[2]  A sedentary job is defined as one that involves sitting, a certain amount of walking and
standing to carry out job duties.  Record, p. 18-19.

assessment, the ALJ concluded that plaintiff can perform sedentary work.

Second, the ALJ clearly identified the evidence supporting his conclusion.  Indeed the ALJ discussed: 1) the medical reports of Dr. Pico and Dr. Dharan, who reported that plaintiff could lift ten pounds; stand and/or walk at least two hours in an eight-hour workday; sit about six hours in an eight-hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl; 2) plaintiff's treatment notes; and 3) the plaintiff's own testimony (which echoed the doctors' assessment).[3]  Moreover, where plaintiff's claims conflicted with the ALJ's assessment (i.e. plaintiff's pain levels) the ALJ explained how the evidence in the Record undercut plaintiff's credibility.[4]

Finally, the Court finds that the ALJ properly considered plaintiff's use of a cane in his assessment of his RFC.  Although plaintiff argues that the ALJ's assessment of his RFC does not reflect that he needs a cane to stand, the medical evidence in the Record indicates only that the plaintiff needs a cane to walk and there is no evidence in plaintiff's treatment notes that supports his assertion.  *Id* at 18.  Moreover, even assuming, *arguendo*, that the plaintiff does need a cane to stand, the plaintiff has not demonstrated that this condition would have dramatically changed the ALJ's assessment of plaintiff's

---

[3]  Plaintiff testified that he could sit for no more than two hours at a time and could lift no more than ten pounds.  Record at p. 18.

[4]  Specifically, the ALJ concluded that he could not credit plaintiff's assertions of his pain levels given his ability to walk at the time of his 2005 hospital visit and in light of the fact that he consistently reported pain intensity of zero during examinations at the Veterans Administration Medical Center.  *Id.*

RFC or the vocational expert's opinion that there is considerable work in the national

economy for someone with plaintiff's age, education, work experience and physical

condition. Therefore, in light of the evidence in the Record, the Court finds substantial

evidence to support the ALJ's assessment of plaintiff's RFC.

## CONCLUSION

Accordingly, because substantial evidence supports the ALJ's determination that

plaintiff is not "disabled" under the Act, plaintiff's motion for reversal will be DENIED

and defendant's motion for affirmance will be GRANTED.

RICHARD J. LEON
United States District Judge